## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ROBERT JOSEPH JANIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **EMMAUS HOMES, INC.,** | ) | **Case No.: 4:22-cv-41** |
| **Serve:** | ) | |
| **C T Corporation System** | ) | |
| **120 S Central Ave** | ) | **JURY TRIAL DEMANDED** |
| **Suite 400** | ) | |
| **St. Louis, MO 63119** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Robert Joseph Janis, by and through his attorneys, and for his

Complaint, states the following:

## NATURE OF THE ACTION

1.     Count I of this Complaint is authorized and instituted under the Uniform Services

Employment and Reemployment Rights Act, 38 U.S.C. Section 4301,*et seq*. ("USERRA"); Count

II of this Complaint is authorized and instituted under Title I of the Americans with Disabilities

Act, 42 U.S.C. § 12101, et seq. ("ADA"); Count III of this Complaint is authorized and instituted

under Family and Medical Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA")

## THE PARTIES

2.     Plaintiff, Robert Joseph Janis is an individual who is and was at all times herein after

mentioned, a resident of the State of Missouri.

1

3.     Defendant Emmaus Homes, Inc. (hereinafter "Emmaus Homes") is a corporation

operating under the laws of Missouri, who at all times relevant herein operated in Saint Charles

County, Missouri.


## VENUE AND JURISDICTION

4.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, as the core claims

arise under federal law and present a federal question..

5.     Venue is appropriate under 28 U.S.C. §1391.


## FACTS COMMON TO ALL COUNTS

6.     Plaintiff Robert Joseph Janis began working for Emmaus Homes as a Client Services

manager in December 2019.

7.     Plaintiff is a disabled veteran.

8.     Plaintiff's disability is post traumatic stress disorder ("PTSD").

9.     Plaintiff discussed his PTSD with his supervisor Dan Darian in February 2020.

10.    Dan Darian held plaintiff to a higher standard than other client service managers.

11.    Dan Darian micromanaged Plaintiff.

12.    Dan Darian gave Plaintiff additional requirements that caused him an additional ten hours

per week in work.

13.    Dan Darian required Plaintiff to attend numerous meetings each week that he did ot

require from the other managers.

14.    Dan Darian told Plaintiff that Plaintiff need to be on call 24/7, when Plaintiff was

supposed to be on a rotating call with other managers.

15.     Plaintiff requested an accommodation on June 5, 2020 with the HR Director Tracy

Parcel.

16.     Tracy Parcel instructed Plaintiff to meet with his health care provider to fill out an

accommodation questionnaire.

17.     Plaintiff's physician prepared the accommodation form.

18.     Plaintiff provided the accommodation form to Emmaus Homes.

19.     Plaintiff met with Dan Darian and Tracy Parcel to discuss his accommodations.

20.     Plaintiff sought the reasonable accommodation of being able to take occasional leave to

reduce stress.

21.     The accommodations Plaintiff sought were reasonable.

22.     Any costs of the accommodations sought by Plaintiff would be de minimis.

23.     Emmaus Homes refused to grant Plaintiff the reasonable accommodation of occasional

leave.

24.     Emmaus Homes terminated Plaintiff on or about July 2, 2020.


## COUNT I – VIOLATIONS OF THE UNIFORM SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

25.     Plaintiff restates and realleges herein the previous paragraphs of his Complaint.

26.     This action is brought pursuant to section 38 U.S.C. Section 4323 of USERRA.

27.     Plaintiff has performed services in uniformed service as defined under 38 U.S. Code §

4303 in that he was a member of the Missouri Army National Guard.

28.     Emmaus Homes wrongfully violated Plaintiff's rights by discriminating against him

including terminating him, because of his military service.

29.     The actions of Defendant were willful in that it knew and/or showed reckless disregard for whether its conduct was prohibited by USERRA.

30.     Plaintiff has been damages by the actions of the Defendant.

31.     Plaintiff is entitled to damages in an amount determined at trial, together with liquidated damages in an amount equivalent to his actual damages, plus attorney's fees.


        WHEREFORE, Plaintiff Robert Joseph Janis prays this honorable court enter Judgment against the Defendant Emmaus Homes, Inc. and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $75,000.00, for nominal damages in the event no actual damages are found, for back pay, reinstatement and/or front pay, for lost benefits, for liquidated damages, for interest, for his costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.


## COUNT II -- VIOLATIONS UNDER TITLE I OF THE AMERICANS WITH DISABILITIES ACT  OF 1990 – 42 U.S.C. 12101

32.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Petition.

33.     Plaintiff is disabled as defined under the Americans with Disabilities Act of 1990 in that he has a mental impairment that substantially limits a major life activity.

34.     The Plaintiff's disabilities inhibit major life activities including working.

4

35.     The Plaintiff is a member of the class of people intended to be protected by the Americans with Disabilities Act of 1990, as amended.

36.     At all relevant times herein, the Defendant was an employer as defined by the Americans with Disabilities Act of 1990, as amended.

37.     Defendant regarded plaintiff as being disabled.

38.     Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq.*, of Title I of the Americans with Disabilities Act of 1990, as amended, by practices including but not limited to the following:

      a.     Refusing to grant Plaintiff adequate medical leave;

      b.     Placing Plaintiff on a performance improvement plan;

      c.     Terminating Plaintiff.

39.     Defendants subjected Plaintiff to a hostile work environment due to his disability or perceived disability.

40.     As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

41.     Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*

42.     Defendant acted with malice and reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff Robert Joseph Janis prays this honorable court enter Judgment against the Defendant Emmaus Homes, Inc. and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $75,000.00, for nominal damages in the event no actual damages are found, for back pay, reinstatement and/or front pay, for lost benefits, for punitive damages and/or liquidated damages, for interest, for his costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

43.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Petition.

44.     This Count is authorized and instituted under the Family and Medical Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA").

45.     Defendant intentionally engaged in unlawful employment practices in violation of FMLA, including interfering with the Plaintiff's exercise of his rights under the FMLA, and in retaliation for his exercising his rights under the FMLA, by practices including but not limited to the following:

     a.     Refusing to grant Plaintiff adequate medical leave;

     b.     Placing Plaintiff on a performance improvement plan;

     c.     Terminating Plaintiff.

46.     Defendants subjected Plaintiff to a hostile work environment due to his requests for medical leave, complaints regarding the harassment and violations of his rights under the FMLA.

47.     Defendant acted with malice and reckless indifference to the rights of Plaintiff.


WHEREFORE, Plaintiff Robert Joseph Janis prays this honorable court enter Judgment against the Defendant Emmaus Homes, Inc. and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $75,000.00, for nominal damages in the event no actual damages are found, for back pay, reinstatement and/or front pay, for lost benefits, for punitive damages, liquidated damages, for interest, for his costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.


## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.


Respectfully submitted,


**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171MO
Ryan P. Schellert, #56710MO
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*