UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT JOSEPH JANIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22CV41 HEA |
| | ) |
| EMMAUS HOMES, INC., | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, [Doc. No. 14]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff brought this action alleging his former employer violated the Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA")(Counts I and II) and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA")(Counts III and IV). Defendant filed an answer to Counts III and IV and the instant motion to dismiss counts I and II simultaneously.

Plaintiff's First Amended Complaint alleges the following:

Plaintiff is allegedly a disabled veteran whose disability is post-traumatic stress disorder, ("PTSD"). Plaintiff worked for Defendant from 1999 through 2010

and returned to working for Defendant as a Client Services manager in December 2019.

Plaintiff discussed his PTSD with his supervisor, Dan Darian in February 2020. Darian held Plaintiff to a higher standard than other client service managers. He micromanaged Plaintiff.  Darian gave Plaintiff additional requirements that caused him to work an additional ten hours per week. Plaintiff was working approximately 60 hours per week. Darian required Plaintiff to attend numerous meetings each week that he did not require from other managers. Darian told Plaintiff that Plaintiff needed to be on call 24/7, when Plaintiff was supposed to be on a rotating call with other managers.

Plaintiff contacted Tracy Parcel, the human resources director, on June 5, 2020 regarding seeking an accommodation for his disability. He met via video conference with Parcel and Darian on June 9, 2020, where he discussed his PTSD and his military service with the Missouri National Guard in Iraq. Parcel instructed Plaintiff to meet with his health care provider to fill out an accommodation questionnaire.

Plaintiff's physician prepared the form on June 23, 2020, which was submitted to Defendant. Plaintiff's physician indicated Plaintiff had an impairment which substantially limits a major life activity and recommended Plaintiff be given intermittent time off of 1-2 extra days off each week as needed from 6/24/2020 to

8/5/2020.  Plaintiff's physician indicated these accommodations would allow Plaintiff to effectively perform his job functions.

Plaintiff met with Parcel and Darian on June 24 or 25, 2020 and discussed the documentation from Plaintiff's physician regarding a disability accommodation, Plaintiff's military service in Iraq, and Plaintiff's PTSD.

Defendant agreed to allow Plaintiff to take PTO on June 26 and 29 but did not agree to additional dates. It did not agree to accommodate Plaintiff as recommended by his physician.

Plaintiff further alleges Darian continued to harass him.  On July 1, 2020, Darian instructed Plaintiff to relieve another manager whom Darian claimed was short staffed.  This required Plaintiff to drive approximately two hours.  Plaintiff learned from this manager that she did not communicate with Darian about staffing issues and did not need to be relieved.

On July 1, 2020, Plaintiff communicated with Muriel Little, Human Resources Director regarding filing a grievance for the treatment he received. Defendant placed Plaintiff on administrative leave approximately two hours after he contacted Little about his grievance. Darian and Little terminated Plaintiff's employment on July 2, 2020.  Plaintiff claims the reasons given for termination were untrue and a pretext for discriminatory motive. Plaintiff alleges Defendant and its managers harassed, discriminated against, and retaliated against Plaintiff

because of his military status, his disability, and his complaints of harassment and differential treatment.

Defendant has moved to dismiss Plaintiff's Counts I and II of his First Amended Complaint for failure to state a claim. Generally speaking, Plaintiff alleges Defendant violated USERRA by retaliating against him after he requested accommodations and using his service-related disabilities as a motivating factor in its decision to terminate his employment. The Court will grant Defendant's partial motion to dismiss.

## Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing

court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

USERRA was enacted to prevent employment discrimination based on military service. *Maxfield v. Cintas Corp.* No. 2, 427 F.3d 544, 551 (8th Cir. 2005). The purpose of USERRA is to protect the jobs of returning veterans. *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011). And several provisions combine to ensure this protection.

In general, the "USERRA 'prohibits employment discrimination on the basis of military service,'" *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011) (quoting *Maxfield*, 247 F.3d at 551), and the ADA prohibits discrimination "on the basis of disability," *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 605 (8th Cir. 2018) (quoting 42 U.S.C. § 12112(a)).

Section 4311 prohibits discrimination based on military service with respect to "any benefit of employment." Section 4311 prohibits discrimination against anyone on the basis of his or her military service, in "initial employment, reemployment, retention in employment, promotion, or any benefit of employment."

Claims brought in violation of § 4311 require a showing "that [the veteran's] military service was a motivating factor in [the] employer's decision to take an adverse action against [the veteran]." *Clegg v. Arkansas Dept. of Corrections*, 496

5

F.3d 922, 930 (8th Cir. 2007).

To state a claim under the USERRA, a plaintiff must plead "facts upon which it could plausibly be inferred that his military service or any protected activity was a 'substantial or motivating factor' " in the adverse employment action taken against him. *Hunt v.* Klein, 476 Fed.Appx. 889, 891 (2d Cir. 2012) (quoting *NLRB v. Transp. Mgmt.*, 462 U.S. 393, 401 (1983)). Plaintiff fails to state a claim under the USERRA because the Complaint contains no allegations from which it could plausibly be inferred that his military status was considered in the decision to terminate his employment. Plaintiff makes no mention of his military status aside from stating that he discussed his military service and his disability with the human resources director and his supervisor.

The Court recognizes that courts have considered proximity in time between military activity and the adverse employment action as one factor in evaluating claims of discriminatory motivation. *See, e.g.*, *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001) (discussing proximity in time as one of many factors from which discriminatory motivation may be reasonably inferred); *see also Woodward v. N.Y. Health and Hosp. Corp.*, 554 F. Supp. 2d 329, 348–49 (E.D.N.Y. 2009) (discussing factors mentioned in *Sheehan*). However, nowhere in the First Amended Complaint does Plaintiff plead facts supporting a plausible inference of discriminatory motivation. While Plaintiff makes the conclusory

allegation that his military status was a motivating factor in his termination, he fails to connect his *military status* as a factor. Rather, Plaintiff's allegations go to his disability itself, and not the very fact of his military status. Plaintiff's First Amended Complaint sets forth claims under the ADA for his disability. These allegations however do not provide Defendant with sufficient factual allegations to claim that Defendant's alleged adverse employment actions and alleged retaliation were because of his military status. Therefore, Plaintiff has not adequately pled a claim of discrimination under the USERRA. *See Lillico v. Rosewell Park Comprehensive Cancer Center*, 2022 WL 2109207 (W.D.N.Y. June 10, 2022)(dismissing a complaint because the plaintiff had "not alleged anything even remotely suggesting discrimination based on his military status. Again, he simply says that he belongs to a protected group—veterans—and that he was terminated for allegedly failing to comply with the MOU. Docket Item 1 at ¶¶ 56-59. And again, that is not enough."; *Hunt v. Klein*, 2011 WL 651876, at *1, 3 (S.D.N.Y. Feb. 10, 2011) (dismissing a complaint because the plaintiff "merely describe[d] various disciplinary actions taken against him, and note[d] that Plaintiff is a military service member," but did not allege facts suggesting that he was disciplined because of his military status), *aff'd*, 476 Fed.Appx. 889 (2d Cir. 2012).

## Conclusion

Based upon the foregoing analysis, Plaintiff's First Amended Complaint

fails to state a claim under USERRA.  Defendant's Motion to Dismiss Counts I and II is well taken and will be granted.  Plaintiff will be given leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts I and II of Plaintiff's First Amended Complaint, [Doc. No. 14], is **granted.**

**IT IS FURTHER ORDERED** that Counts I and II are **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff is given leave to file an amended complaint within 14 days from the date of this Opinion.

Dated this 2nd day of December, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE